### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY<br>One American Row<br>Hartford, Connecticut, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| -vs- | : | |
| GLOBAL FINANCIAL INVESTORS<br>& INSURANCE BROKERAGE INC.<br>c/o Kerry T. Piandes, Registered Agent<br>254 Nashua Road<br>Londonderry, New Hampshire 03053, | : | |
| Defendant. | : | MAY 30, 2013 |

### COMPLAINT

Plaintiff, PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and by way of its Complaint (the "Complaint") against Defendant, Global Financial Investors & Insurance Brokerage Inc. ("GFI") hereby states as follows:

### INTRODUCTORY STATEMENT

1. PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the State of Connecticut.

2. Upon information and belief, GFI is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 224 Main Street, Suite 3c, Salem, New Hampshire.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a), as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the parties have contractually agreed to litigate any action, suit or proceeding.

## FIRST COUNT

4. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5. On or about January 1, 2007, GFI entered into a Brokerage General Agent Agreement (the "Agreement") with PHL. A true and exact copy of the Agreement is attached hereto as Exhibit A.

6. The Agreement provides for, among other things, compensation to GFI in connection with the sale by GFI of insurance and annuity products issued by PHL. See, e.g., Agreement, Article III.

7. In addition, the Agreement provides that PHL has the right to amend and modify the Agreement, including Schedule 3.1 (the Compensation Schedule), by providing written notice to the Brokerage General Agent of such amendment or modification. See Agreement, Page 14, Section 10.5. Entire Agreement; Modification.

8. On or about February 13, 2008, PHL amended the Agreement (the "February 2008 Amendment"). A true and exact copy of the February 2008 Amendment is attached hereto as Exhibit B.

9. The Brokerage General Agent, to wit: GFI, was provided with written notice of the February 2008 Amendment.

10. In or about April 2008, PHL amended the Agreement (the "April 2008 Amendment"). A true and exact copy of the April 2008 Amendment is attached hereto as Exhibit C.

11. The Brokerage General Agent was provided with written notice of the April 2008 Amendment.

12. In or about March 2009, PHL amended the Agreement (the "2009 Amendment"). A true and exact copy of the 2009 Amendment is attached hereto as Exhibit D.

13. The Brokerage General Agent was provided with written notice of the 2009 Amendment.

14. The February 2008 Amendment, the April 2008 Amendment and the 2009 Amendment, among other things, each require that if GFI is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider and the policy is subsequently surrendered, GFI shall repay to PHL the lesser of: 100% of the total compensation paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See February 2008 Amendment, Footnote (d); April 2008 Amendment, Footnote (d); and 2009 Amendment, Footnote (d).

15. PHL paid GFI commissions for the sale of certain life insurance policies ## XXXX0164, XXXX0461, XXXX0464, XXXX0495, XXXX6259 and XXXX0546 which were enhanced with Alternate Surrender Value riders (the "Policies"), in the total sum of Nine Hundred Twenty-Four Thousand Five Hundred Eighteen and 67/100 Dollars ($924,518.67).

16. The Policies were subsequently surrendered by the respective policyholders, and the amount of compensation paid to GFI in connection with the sale of each was less than the cash surrender value enhancement due to the Alternate Surrender Value riders.

17. As a result of the surrenders, GFI was required to repay to PHL the commissions paid to it on the sale of each of the Policies in the total sum of Nine Hundred Twenty-Four Thousand Five Hundred Eighteen and 67/100 Dollars ($924,518.67).

18. PHL has demanded payment of said sum from GFI, but GFI has failed and refused to pay any portion of said sum.

19. Pursuant to the terms of the Agreement, PHL has offset Defendant's trailing commissions against the amount owed. As the result of the aforesaid, there is due and owing to PHL from GFI, the sum of Nine Hundred Seventeen Thousand Nine Hundred Eighty-Three and 67/100 Dollars ($917,983.67), with interest thereon, no part of which has been paid, although payment thereof has been duly demanded.

## SECOND COUNT

20. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 19, inclusive, of this Complaint as if set forth fully herein.

21. As a consequence of the surrender of the Policies, GFI was obligated to return the commissions paid to it.

22. GFI has been unjustly enriched by its retention of the aforesaid sum of Nine Hundred Seventeen Thousand Nine Hundred Eighty-Three and 67/100 Dollars ($917,983.67), to which it is not entitled.

23. PHL has been damaged by said unjust enrichment of GFI.

## THIRD COUNT

24. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, of this Complaint as if set forth fully herein.

25. GFI, being indebted to PHL in the sum of Nine Hundred Seventeen Thousand Nine Hundred Eighty-Three and 67/100 Dollars ($917,983.67), together with interest, upon an account

- 5 -

stated between them, has failed to pay to PHL said sum upon demand.  Payment has been demanded, but it has not been made. A true and exact copy of the account statement is attached hereto as Exhibit E.

WHEREFORE, PHL demands judgment against GFI as follows:

1. In the sum of Nine Hundred Seventeen Thousand Nine Hundred Eighty-Three and 67/100 Dollars ($917,983.67), with interest accrued and accruing;

2. For counsel fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

        PLAINTIFF PHL VARIABLE LIFE INSURANCE COMPANY

By:_____
    W. Glen Pierson (Federal Bar. No. ct16936)
    LOUGHLIN FITZGERALD, P.C.
    150 South Main Street
    Wallingford, CT 06492
    Tel.: (203) 265-2035
    Fax: (203) 269-3487
    E-mail: gpierson@lflaw.com

*Of Counsel*:   Eliott R. Good, Esq.
    Van R. Shirey, Esq.
    CHORPENNING, GOOD & PANDORA CO., LPA
    605 South Front Street, Suite 210
    Columbus, OH 43215
    Tel.: (614) 469-1301
    Fax: (614) 469-0122
    E-mail: ergood@chorgood.com; vrs@chorgood.com

    Its Attorneys